Robert A. Bleicher (SBN 111334)
robert.bleicher@hogefenton.com
Ronald C. Finley (SBN 200549 )
ronald.finley@hogefenton.com
Remington A. Lenton-Young
Remington.lenton-young@hogefenton.com
Alexander H. Ramon (SBN 282867)
alex.ramon@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
55 South Market Street, Suite 900
San Jose, California 95113-2324
Phone: 408.287.9501
Fax: 408.287.2583

Attorneys for Defendant
ACTIVEHOURS, INC. dba EARNIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| BRENNAN ORUBO, MICHAEL SIMS, DEMETRICE MATHIS, and CIDNEY LETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACTIVEHOURS, INC. dba EARNIN,<br><br>Defendant. | Case No. 5:24-cv-04702-PCP<br><br>**NOTICE OF MOTION AND MOTION OF ACTIVEHOURS, INC. D/B/A EARNIN TO STAY DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: February 27, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. Casey Pitts |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 27, 2025, at 10:00 am, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Casey Pitts, of the United States District Court, Northern District of California at Courtroom 8 – 4th Floor, 280 South 1st Street, San Jose, California, Activehours, Inc. d/b/a EarnIn ("EarnIn") will and hereby does move this Court to Stay Discovery.

This Motion is made upon the following grounds:

EarnIn will and hereby does move under Federal Rule of Civil Procedure 26(c) and the Court's inherent discretion to control discovery to stay discovery pending the resolution of its Motion to Dismiss Plaintiffs' First Amended Complaint. Because the Motion to Dismiss is potentially dispositive of Plaintiffs' entire case and can be decided absent discovery, good cause exists to stay discovery pending a ruling on EarnIn's Motion to Dismiss Plaintiffs' First Amended Complaint.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Ronald C. Finley filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should stay discovery until it issues a ruling on EarnIn's pending Motion to Dismiss, filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Activehours, Inc., d/b/a EarnIn ("EarnIn") respectfully requests the Court to stay discovery to avoid unnecessary, costly, and burdensome discovery pending resolution of EarnIn's potentially case-dispositive motion to dismiss, Dkt. 30.

I.  **INTRODUCTION**

EarnIn requests that the Court stay discovery until it rules on EarnIn's pending Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), filed concurrently herewith (the "Motion"). Considering the merits of EarnIn's Motion and the substantial burden and disproportionality of Plaintiffs' discovery requests, staying discovery pending resolution of EarnIn's Motion would serve judicial efficiency. As discussed in EarnIn's Motion, Plaintiffs' claims alleging EarnIn's earned wage access services violate both the Georgia Payday Lending Act (Ga. Code Ann. § 16-17-1 (West), *et seq.*) ("GPLA") and the Truth in Lending Act (15 U.S.C. § 1638(a)(2), (3), (4), (5)) ("TILA") are based on a series of conclusory and unsupported statements.

All of Plaintiffs' claims under the GPLA fail as a matter of law because EarnIn does not issue "loans" and, as such, EarnIn cannot violate GPLA. Similarly, EarnIn is not a "creditor," precluding any TILA violation. Furthermore, Plaintiffs have not, and cannot, plead sufficient facts to overcome these incontrovertible realities.

If the Court allows Plaintiffs to proceed with discovery before EarnIn's Motion has been decided, EarnIn will be forced to incur significant expenses associated with a putative class action that are not proportional to the Plaintiffs' alleged damages or the needs of the case at this early stage.

The Court may stay discovery if it believes that EarnIn's Motion could dispose of some or all of Plaintiffs' claims. A stay is particularly warranted when, as in the instant action, EarnIn's pending Motion could dispose of all of Plaintiffs' case against it, the sole Defendant. *See California Crane Sch., Inc. v. Google LLC*, No. 21-CV-10001, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) ("Here, the Court finds that good cause exists to stay discovery until the pending motions are resolved for three reasons. First, those motions may dispose of at least some

Defendants, if not Plaintiff's entire case.").

In addition, EarnIn's Motion challenging the legal sufficiency of Plaintiffs' allegations can be decided absent discovery. As courts in this District have recognized, "adjudicating the motions to dismiss will shed light on the best course for discovery." *In re Graphics Processing Units Antitrust Litig.*, No. 06-CV-07417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007).

Accordingly, since EarnIn's Motion demonstrates the uncurable shortcomings of Plaintiffs' FAC and, if granted, would dispose of all of Plaintiffs' claims against EarnIn, the Court should stay discovery until it rules on EarnIn's Motion.

## II. ARGUMENT

### A. This Case Satisfies the Two-Prong Test for a Stay of Discovery Pending the Resolution of a Motion to Dismiss

A district court "may, for good cause, issue an order to protect a party or person from ... undue burden or expense," including by staying discovery. Fed. R. Civ. P. 26(c)(1); *see, e.g., Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020).

The Court has "wide discretion in controlling discovery." *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts in this district apply a two-part test to determine whether to stay discovery pending resolution of a dispositive motion.

First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Reveal Chat*, 2020 WL 2843369, at *2 (citation omitted). The critical "question is only whether [movant's] motion to dismiss is 'potentially dispositive[.]" *Id.* at *3 (citation omitted).

Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at *2 (citation omitted). In applying this test, "the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted." *Id.* (citation omitted). Both prongs are satisfied here.

### 1. EarnIn's Motion to Dismiss Will Potentially Dispose of Plaintiffs' Entire Complaint

The first prong of the discovery-stay test is satisfied if a pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315, 2019 WL 5394848, at *1. A motion is "potentially dispositive" if, based on a "preliminary peek" at the merits of the pending motion, the Court concludes that the motion, if granted, would dispose of the entire action. *Id.*; *see also In re Nexus*, 2017 WL 3581188, at *1. Here, a "preliminary peek" into Plaintiffs' FAC reveals the following deficiencies, warranting grounds for dismissal:

**Failure to Plead a Georgia Payday Lending Act Violation.** Plaintiffs' first cause of action alleges EarnIn's practices violate the GPLA. However, the scope of the GPLA does not extend to EarnIn's practices that Plaintiffs allege violate that act. Specifically, the GPLA states in relevant part that:

> Subject to the exceptions in subsection (a) of this Code section, this Code section shall apply with respect to all transactions in which funds are advanced **_to be repaid at a later date_**, notwithstanding the fact that the transaction contains one or more other elements.

OCGA § 16-17-2(b) (*emphasis added*.).

Although "loan" is not an expressly defined term under the GPLA, the term implicitly contemplates "'funds [which] are advanced to be repaid at a later date,' a provision that is most reasonably understood to contemplate an agreement that imposes an obligation to repay." *Ruth v. Cherokee Funding, LLC*, 304 Ga. 574, 579 (2018) (quoting OCGA § 16-17-2 (b)). Further, the Georgia Supreme Court determined that where there is no absolute obligation to repay, there is no viable claim under the GPLA. *Id.* at 578-79. EarnIn's Cash Out Terms of Service explicitly state that there is no obligation to repay any of the Cash Outs provided to the customer.

Plaintiffs therefore cannot establish a viable claim under the GPLA because EarnIn's

advances unequivocally do not qualify as a "loan" under the GPLA because **they do not need to be repaid**. As a result, Plaintiffs' GPLA claim against EarnIn fails as a matter of law.

***Failure to Plead Truth in Lending Act Violation.*** Plaintiffs' second and final cause of action alleges EarnIn violated TILA's disclosure requirements. However, this cause of action misconstrues TILA and the meaning of consumer credit transactions, pursuant to 15 U.S.C. § 1602.

Specifically, "the basic [*sic*] of the Truth-in-Lending Act and Regulation Z provides for the disclosure to the consumer of three different, but related, figures: (1) 'the amount of credit of which the customer will have the actual use,' using the term 'amount financed' (12 C.F.R. § 226.2(d), 226.8(d) (1)); (2) the amount which the creditor proposes to charge for the credit thus extended, using the term 'finance charge' (12 C.F.R. § 226.2(q), 226.4); and (3) the total of the amount financed and the finance charge, comprising the total of payments (12 C.F.R. § 226.8(b)(3))." *Pedro v. Pac. Plan of California*, 393 F. Supp. 315, 321 (N.D. Cal. 1975). Crucially, EarnIn is not a "creditor" subject to TILA because its wage advances do not constitute an extension of "credit" under TILA.

Under TILA, a "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. 15 U.S.C. § 1602(g).

Moreover, Regulation Z, which implements TILA, defines "credit" as "the right to defer payment of debt or to incur debt and defer its payment." 12 § CFR 1026.2(14).

Plaintiffs have not pled, and cannot plead, facts sufficient to establish EarnIn as "creditor"

within the meaning of TILA because EarnIn does not satisfy the two prongs of TILA's definition of "creditor." Nor can Plaintiffs show that EarnIn's services are considered "credit" under TILA because EarnIn's services do not defer payment – EarnIn's wage advances are non-recourse and do not have to be paid back.

In short, EarnIn's substantial challenges to the Plaintiffs' FAC more than warrant a stay of discovery. *See*, *e.g., Arcell*, 2022 WL 16557600, at *1 (granting a stay where "Defendants raise[d] numerous significant challenges to the Complaint"); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (granting a stay where "[Defendant's] motion to dismiss presents strong arguments, which could prove difficult for Plaintiffs to overcome").

### 2.     The Pending Motion Can be Decided Absent Discovery

In addition to EarnIn's Motion being potentially dispositive of the entire case, the second prong of the two-part test to determine whether to stay discovery is satisfied because EarnIn's Motion can be decided independent of discovery. As a Rule 12(b)(6) motion, EarnIn's Motion is directed solely at the facial legal defects in Plaintiffs' FAC; that is, EarnIn's Motion argues that Plaintiffs' allegations, even if accepted as true, fail to state a cognizable claim. Thus, EarnIn's Motion not only can, but must, be decided without discovery. *Arcell,* 2022 WL 16557600, at *1 (granting motion to stay where "Defendants' motion to dismiss . . . 'is based solely on the allegations in the Complaint and does not raise any factual issues'"); *California Crane*, 2022 WL 1271010, at *1 (granting motion to stay where "no additional discovery would help the Court resolve those motions because they either challenge the legal sufficiency of Plaintiff's complaint or raise narrow legal issues"); *Nexus*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (granting motion to stay because "the pending motions to dismiss are fully briefed, and can be decided without additional discovery").

Here, discovery is entirely unnecessary to rule on EarnIn's Motion as EarnIn's Motion is based purely on questions of law rather than a factual dispute. As a result, it would be inefficient and likely waste the Court's and the parties' resources to allow discovery to proceed until a ruling on EarnIn's Motion is made. *See Huang v. Futurewei Techs., Inc.,* No. 18-cv-00534-BLF, 2018 WL 1993503, at *4 (N.D. Cal. April 27, 2018) (noting that "judicial economy and efficiency for the parties" can support a stay of discovery); *see also Bush v. Vaco Tech. Servs., LLC,* No. 5:17-cv-05605, 2018 U.S. Dist. LEXIS 30753, at *3 (N.D. Cal. Feb. 26, 2018).

As discovery cannot remedy the fatal defects in Plaintiffs' FAC, the second prong of the test is met, and a stay of discovery is appropriate.

B. **There Is Good Cause for a Stay Of Discovery**

Because both factors of this District's standard for granting a stay of discovery are met, discovery should be stayed pending resolution of EarnIn's Motion. *See, e.g., Nexus*, 2017 WL 3581188, at *2 (granting motion to stay discovery after finding both factors met). But even if the Court were to require an additional "good cause" showing, *e.g., Smith v. Levine Leichtman Capital Partners, Inc.*, No. 10-CV-00010, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011), such a showing has been made.

Plaintiffs have already propounded discovery to EarnIn. Despite the fact that Plaintiffs' FAC covers a putative class of Georgia residents who used EarnIn's earned wage access services from 2018 to the present (FAC, ¶ 93), the propounded discovery seeks "ALL DOCUMENTS" related to a wide array of broad topics and inquires deeply into EarnIn's services. For example, one of Plaintiffs' requests seeks:

> All Documents that discuss, reference, or mention Your pricing strategy or pricing model concerning Advances or Fees.

Declaration of Ronald C. Finley in Support of Motion to Stay Discovery, Ex. A, Request for Production 22.

Another request seeks "[a]ll Documents concerning Plaintiffs." *Id.* Other requests seek class-wide discovery before the pleadings are even set, let alone a class certified. *Id.* (Interrogatory No. 4; Request for Production No. 26). These examples reflect the enormous burden and expense to EarnIn of having to engage in unlimited discovery pending the Court's ruling on EarnIn's potentially case-dispositive Motion.

Moreover, the scope of discovery that Plaintiffs seek is not "proportional to the needs of the case" as currently pled, is not important "in resolving the issues" presented by EarnIn's Motion, and "the burden or expense of the proposed discovery outweighs its likely benefit" at this stage of the case. Fed. R. Civ. P. 26(b)(1).

Here, three of the four Plaintiffs claim to have paid the paltry sum of $12.50 – combined – in voluntary tips, forming part of their basis for alleging a TILA violation. FAC ¶¶ 98-100. A discovery stay is intended to prevent exactly this sort of discovery abuse such as the "unnecessary imposition of discovery costs on defendants," particularly as a means to coerce settlement. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 969 (9th Cir. 2014) (internal quotation omitted). Thus, when a pending motion is dispositive of the entire case if granted, forcing a defendant to bear costly and burdensome class discovery while the motion is decided should be avoided. *See Preston v. Clark Cnty. Collection Serv., LLC*, No. 2:14-CV-00021-APG, 2014 WL 2548093, at *1 (D. Nev. June 5, 2014) (staying class discovery pending a ruling on a motion to dismiss).

At the very least, "some claims and/or defendants might be eliminated by [EarnIn's] motion[s]," and EarnIn should not be required "to expend resources and perform much work in responding to discovery that might be mooted by the granting of the motion in whole or in part." *Estate of Bock v. Cty. of Sutter*, No. CIV. S-11-0536, 2012 WL 94618, at *2 (E.D. Cal. Jan. 9, 2012). In such circumstances, the "better course" is to resolve EarnIn's Motion first and then allow a "narrowly-directed and less burdensome discovery plan" for surviving claims. *In re*

*Graphics Processing Units Antitrust Litig.*, No. 06-CV-07417, 2007 WL 2127577, *5 (N.D. Cal. July 24, 2007).

In summary, the "good cause" standard necessary to grant a stay of discovery is met here.

### III. CONCLUSION

For the foregoing reasons, the Court should stay discovery pending a ruling on EarnIn's Motion.

DATED: January 10, 2025                    HOGE, FENTON, JONES & APPEL, INC.


By:     */s/ Ronald C. Finley*
    Robert A. Bleicher
    Ronald C. Finley
    Remington A. Lenton-Young
    Alexander H. Ramon
    Attorneys for Defendant
    ACTIVEHOURS, INC. dba EARNIN