COOLEY LLP
BRETT DE JARNETTE (292919)
AMIE L. SIMMONS (336356)
3175 Hanover Street
Palo Alto, CA  94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
bdejarnette@cooley.com
asimmons@cooley.com

WILLIAM K. PAO (252637)
JONATHAN B. WAXMAN (294851)
Wells Fargo Center, South Tower
355 South Grand Avenue, Suite 900
Los Angeles, CA  90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244
wpao@cooley.com
jwaxman@cooley.com

*Attorneys for Defendant*
ACTIVEHOURS, INC. dba EARNIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| BRENNAN ORUBO, MICHAEL SIMS, DEMETRICE MATHIS, and CIDNEY LETT, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ACTIVEHOURS, INC. d/b/a EARNIN, <br><br> Defendant. | Case No. 5:24-cv-04702-PCP <br><br> **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS** <br><br> Date:  November 20, 2025 <br> Time:  10:00 a.m. <br> Dept:  Courtroom 8, 4th Floor <br> Judge:  Hon. P. Casey Pitts <br><br> Trial Date: None set <br> Date Action Filed: August 2, 2024 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ...................................................................................................... 2

    A. The Court Should Consider Documents Incorporated by Reference into the Amended Complaint (Exs. 1, 5-10). ........................................................ 2

    B. The Court May also Take Judicial Notice of Exhibits 1-4, and 10. ....................... 5

III. CONCLUSION .................................................................................................. 6

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

**DEF.'S RJN ISO MTN
FOR JUDGMENT ON THE PLEADINGS
CASE NO.: 5:24-CV-04702-PCP**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Ahmed v. Twitter, Inc.*,
603 F. Supp. 3d 857 (N.D. Cal. 2022) .................................................................................. 3, 5

*City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*,
963 F. Supp. 2d 1092 (E.D. Wash. 2013) .................................................................................. 2

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) .................................................................................................... 2

*In re CV Therapeutics, Inc.*,
No. C 03–03709 SI, 2004 WL 1753251 (N.D. Cal. Aug. 5, 2004) ........................................... 6

*Eidson v. Medtronic*, Inc.,
40 F. Supp. 3d 1202 (N.D. Cal. 2014) ...................................................................................... 4

*In re Eventbrite, Inc. Sec. Litig.*,
No. 5:18-cv-02019-EJD, 2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) .................................. 3

*Gustavson v. Wrigley Sales Co.*,
961 F. Supp. 2d 1100 (N.D. Cal. 2013) .................................................................................... 6

*Hammerling v. Google LLC*,
No. 21-cv-09004-CRB, 2022 WL 17365255 (N.D. Cal. Dec. 1, 2022), *aff'd*,
2024 WL 937247 (9th Cir. Mar. 5, 2024) .................................................................................. 4

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ................................................................................................ 2, 3

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .................................................................................................... 2

*Minor v. FedEx Off.*,
No. 14-CV-01117-LHK, 2014 WL 12570168 (N.D. Cal. Aug. 11, 2014) ............................. 2, 5

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) .................................................................................................... 2

*Plevy v. Haggerty*,
38 F. Supp. 2d 816 (C.D. Cal. 1998) ......................................................................................... 5

*Sciortino v. Pepsico, Inc.*,
108 F. Supp. 3d 780 (N.D. Cal. 2015) ....................................................................................... 6

*Tovar v. Midland Credit Mgmt.*,
No. 10cv2600 MMA (MDD), 2011 WL 1431988 (S.D. Cal. Apr. 13, 2011) ........................... 6

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF CONTENTS**
(continued)

Page

*Wilson v. Frito-Lay N. Am., Inc.*,
  260 F. Supp. 3d 1202 (N.D. Cal. 2017) ................................................................... 6

**Statutes**

Georgia Payday Lending Act ........................................................................... 1, 3

Truth in Lending Act ........................................................................................... 1

**Other Authorities**

Fed. R. Evid. 201(b) ............................................................................................ 5

Rule 12(b)(6) ....................................................................................................... 2

Rule 12(c) ......................................................................................................... 2, 5

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEF.'S RJN ISO MTN
FOR JUDGMENT ON THE PLEADINGS
CASE NO.: 5:24-CV-04702-PCP**

**PLEASE TAKE NOTICE THAT** Defendant Activehours, Inc. d/b/a EarnIn ("EarnIn," the "Company," or "Defendant") hereby requests that the Court consider under the incorporation by reference doctrine and/or take judicial notice of the exhibits identified below in support of Defendant's Motion for Judgment on the Pleadings (the "Motion"). All exhibits are attached to the Declaration of Brett De Jarnette, filed concurrently herewith.[1]

## I.    INTRODUCTION

Plaintiffs Brennan Orubo, Michael Sims, Demetrice Mathis, and Cidney Lett (collectively, the "Plaintiffs"), claim that EarnIn's Cash Out product extends credit and imposes finance charges under the Truth in Lending Act ("TILA"), and constitutes a loan under the Georgia Payday Lending Act ("GPLA"). Plaintiffs are wrong as a matter of law. In a misguided attempt to state a claim, Plaintiffs cherry pick transactions where they tipped EarnIn and paid Lightning Speed fees for faster payment. (*See* ¶¶ 6, 93-100, 112, 121.) But they selectively omit nearly all of Plaintiffs' transaction histories because those transaction histories show that Plaintiffs knew tipping and Lightning Speed fees are optional. (*See* ¶¶ 93, 96-100.) Plaintiffs also selectively exclude portions of EarnIn's website and mobile app that show how the product works, including how customers can revoke debit authorizations at any time without consequence.

EarnIn requests that this Court find the following materials are incorporated by reference in the Amended Complaint: (i) materials on the EarnIn website and mobile app (Exhibits 1, 5, 10), and (ii) Plaintiffs' transaction records referenced in the Amended Complaint (Exhibits 6-9). EarnIn also requests that the Court take judicial notice of publicly available materials on the EarnIn website and Consumer Financial Protection Bureau ("CFPB") website, all of which are the types of materials routinely subject of judicial notice (Exhibits 1-4, 10). For the Court's convenience, these exhibits are listed in **Appendix A** below.

---

[1] All "¶" references are to paragraph numbers in the Amended Complaint. (ECF No. 22.) All emphasis is added, unless otherwise noted.

## II.    ARGUMENT

### A.    The Court Should Consider Documents Incorporated by Reference into the Amended Complaint (Exs. 1, 5-10).

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id*. (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The Ninth Circuit has held that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  "On a Rule 12(c) motion, as on a Rule 12(b)(6) motion," the Court may look beyond the four corners of the complaint and consider "documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice." *Minor v. FedEx Off.*, No. 14-CV-01117-LHK, 2014 WL 12570168, at *3 (N.D. Cal. Aug. 11, 2014).

Materials can also be incorporated by reference where the complaint does not "allege or describe the contents," but where the Plaintiffs' claim necessarily depends on them. *See id.* (incorporating by reference surrounding context of alleged defamatory photo, even where the complaint did not "allege or describe the contents of the surrounding" context because it was undisputed that the material was authentic and viewers would also access the surrounding pages); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010) (incorporating by reference agreement the complaint did not explicitly refer to, but on which the allegations "depend[ed] in large part").

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)).  The reason for this rule is well settled, "to prevent plaintiffs from selecting only

portions of documents that support their claims, while omitting portions of those very documents that weaken [] their claims." *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020); *Khoja*, 899 F.3d at 1002, 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs[.]").   The following materials are incorporated by reference in the Amended Complaint: the EarnIn Cash Out User Agreement (Exhibit 1), screenshots from the EarnIn mobile application interface prompting Cash Out users to select a transfer speed (Exhibit 5), Plaintiffs' Transaction Histories (Exhibits 6-9), and the EarnIn Transfer Out Authorization Agreement (Exhibit 10).

**Plaintiffs' Transaction Histories (Exhibits 6-9)**.   Plaintiffs' transaction histories are incorporated by reference into the Amended Complaint because the Amended Complaint "refers extensively" to Plaintiffs' transactions and they "form[ ] the basis" of their claims.  *Khoja*, 899 F.3d at 1002.   The Amended Complaint references Plaintiffs' transaction histories numerous times to support their allegations that EarnIn's Cash Out product is an extension of "credit" or a "loan," and imposes "finance charge[s]," "interest and other charges" yielding "triple-digit APRs."  (*See* ¶¶ 6, 93-100, 112-113, 120-121.)  Plaintiffs explicitly reference the "cash-advance loans" they obtained "and paid interest and other charges in connection with" as the basis of their GPLA claim.  (*See* ¶ 112.)  And even though Plaintiffs identified only one specific transaction per Plaintiff, Plaintiffs noted that the single transactions illustrated only "some of the loans Plaintiffs obtained and some of the charges that Plaintiffs paid."  (¶¶ 96-100.)

Thus, while Plaintiffs rely on *one* transaction per Plaintiff to support their claims, they chose not to include the rest of Plaintiffs' transaction histories, including the transactions where they chose *not* to pay tips or Lightning Speed fees.  EarnIn seeks to include Plaintiffs' full transaction histories to put Plaintiffs' cherry-picked transactions in context.  That is the very purpose of the incorporation by reference doctrine.  *See Khoja*, 899 F.3d at 1002, 1003.  *See, e.g., Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 867 (N.D. Cal. 2022) (incorporating by reference notices Twitter sent to users, where the plaintiff claimed he never received such notifications).

Because the Amended Complaint repeatedly references Plaintiffs' transaction histories and these transactions form the basis of Plaintiffs' claims, Plaintiffs' transaction histories (Exhibits 6-

9) are incorporated by reference into the Amended Complaint.

**Agreements and Disclosures on the EarnIn Website and Mobile App (Exhibits 1, 5, 10***)*. The Court should also incorporate by reference materials on the EarnIn website and mobile app, because Plaintiffs repeatedly reference the EarnIn website and app in support of their allegations regarding (i) EarnIn's tips and Lightning Speed fees, and (ii) EarnIn's rate of repayment. (*See, e.g.*, ¶¶ 23, 39-47, 53-55, 81.)  These materials include the EarnIn Cash Out User Agreement (Exhibit 1), which is explicitly referenced in the Amended Complaint as containing a "sham provision" and thus forms the basis of Plaintiffs' claim that EarnIn requires repayment of Cash Outs.  (*See* ¶ 63.)  This Court recently incorporated by reference this document in this case, and it should do so again here.  *See* ECF No. 40 at 2 n.3 (incorporating by reference EarnIn Terms and Conditions where complaint generally referenced a "'sham provision' in [EarnIn's] 'terms and conditions'").

The Court should also find that EarnIn's Transfer Out Authorization Agreement (Exhibit 10) and a screenshot of EarnIn's mobile application interface (Exhibit 5) are incorporated by reference.  The Amended Complaint cites various portions of the EarnIn website, including those describing the Cash Out user experience and the process for authorizing debits.  (¶¶ 23, 53-57.) The Amended Complaint also includes screenshots of EarnIn's mobile application interface in support of Plaintiffs' allegations regarding finance charges. (¶¶ 40-41, 44-45.) To put these allegations in context, Defendant has included additional disclosures on the EarnIn website regarding the process for revoking debit authorization, and an additional screenshot from the mobile app regarding Lightning Speed fees.  As such, these documents are incorporated by reference, because they form the basis of Plaintiffs' allegations regarding (i) the adequacy of EarnIn's disclosures, (ii) the purported obligation to repay Cash Outs, and (iii) finance charges.  *See Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 WL 17365255, at *3 (N.D. Cal. Dec. 1, 2022), *aff'd*, 2024 WL 937247 (9th Cir. Mar. 5, 2024) (incorporating by reference disclosures on Google's website where plaintiff quoted from portions of the disclosures and alleged they inadequately informed users of Google's privacy policies); *Eidson v. Medtronic*, Inc., 40 F. Supp. 3d 1202, 1214 (N.D. Cal. 2014) (taking judicial notice of Medtronic warning label where plaintiff

challenged the sufficiency and contents of those warnings).

**B.      The Court May also Take Judicial Notice of Exhibits 1-4, and 10.**

The Court may also consider Exhibits 1-4 and 10 because they are proper subjects of judicial notice.  Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (i) is generally known within the trial court's territorial jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Distinct from the doctrine of incorporation by reference, judicial notice extends to "matters of public record *outside* the pleadings."  *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (emphasis added).  "Proper subjects of judicial notice when ruling on a motion to dismiss include . . . publicly accessible websites[.]" *Al-Ahmed*, 603 F. Supp. 3d at 866.  "[R]elevant matters subject to judicial notice" are properly considered "[o]n a Rule 12(c) motion[.]"  *Minor*, 2014 WL 12570168, at *3.  Here, the documents Defendant seeks to judicially notice are all publicly available on EarnIn's website and the CFPB website and are proper subjects of judicial notice.

**Documents on the EarnIn Website**.  The Court should take judicial notice of publicly available documents on the EarnIn website, some of which are also incorporated by reference – the EarnIn Cash Out User Agreement and Transfer Out User Authorization Agreement (Exhibits 1, 10). These types of documents are routinely subjects of judicial notice.  *See Al-Ahmed*, 603 F. Supp. 3d at 866 (taking judicial notice of Twitter's terms of service, the landing page of Al-Ahmed's Twitter Account, a press release, and a public post of the account) (collecting cases).

**Documents on the CFPB Website**.  Defendant also asks the Court to take judicial notice of publicly available documents on the CFPB website.  These include Comment Letters submitted by the American Fintech Counsel (AFC) and Financial Technology Association (FTC) published on the public docket for the CFPB's July 2024 Interpretive Proposed Rule regarding Earned Wage Access products (Exhibits 2-3, *see* De Jarnette Decl. ¶¶ 5-6), and CFPB's explanation of payday loan rollovers published on its website. (Exhibit 4.)  As these documents are available on government websites and part of the public record, they are proper subjects of judicial notice.  *See Tovar v. Midland Credit Mgmt.*, No. 10cv2600 MMA (MDD), 2011 WL 1431988, at *2 (S.D. Cal. Apr. 13, 2011) (taking judicial notice of comments submitted to FCC as part of rulemaking

process); *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 792 (N.D. Cal. 2015) (taking judicial notice of citizen petitions submitted to FDA as "documents that are administered by or publicly filed with the administrative agency"); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (taking judicial notice of guidance documents "available on the FDA's website"); *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. 2017) (taking judicial notice of letter from a public interest group to the FDA and FDA food labeling guidance); *In re CV Therapeutics, Inc.*, No. C 03–03709 SI, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (taking judicial notice of FDA Briefing Materials for FDA Advisory Committee meeting submitted to and published on FDA website).

### III.    CONCLUSION

For the foregoing reasons, Defendant requests that this Court (i) consider Exhibits 1 and 5-10 to be incorporated by reference into the Amended Complaint; and (ii) take judicial notice of Exhibits 1-4, and 10.

Dated: July 25, 2025                                      COOLEY LLP


                                                         By: */s/ Brett De Jarnette*
                                                         Brett De Jarnette
                                                         William K. Pao
                                                         Jonathan B. Waxman
                                                         Amie L. Simmons

                                                         Attorneys for Defendant
                                                         ACTIVEHOURS, INC. dba EARNIN

**Appendix A: Exhibits to the Motion to Dismiss[2]**

| Ex. | Description | Basis |
|---|---|---|
| 1 | EarnIn Cash Out User Agreement | IBR, JN |
| 2 | FTA Comment Letter re CFPB Request for Comment on its Earned Wage Access Proposed Interpretive Rule (Docket No. CFPB-2024-0032), dated August 30, 2024 | JN |
| 3 | American Fintech Council Letter to the CFPB re: 2024 Paycheck Advance Interpretive Rule Docket No. CFPB-2024-0032, dated August 29, 2024 | JN |
| 4 | CFPB webpage titled "What does it mean to renew or roll over a payday loan?" last modified December 5, 2024 | JN |
| 5 | EarnIn's mobile application interface prompting Cash Out users to select a transfer speed | IBR |
| 6 | Brennan Orubo's Cash Out transaction records from July 23, 2018 to September 7, 2023 | IBR |
| 7 | Michael Sims' Cash Out transaction records from July 10, 2018 to October 3, 2024 | IBR |
| 8 | Demetrice Mathis' Cash Out transaction records from October 11, 2017 to August 19, 2024 | IBR |
| 9 | Cidney Lett's Cash Out transaction records from October 16, 2017 to July 22, 2025 | IBR |
| 10 | EarnIn Transfer Out Authorization Agreement, available on the EarnIn website | IBR, JN |

---

[2] "Exhibit" refers to the exhibits to the Declaration of Brett De Jarnette. "Basis" refers to the reason the document should be considered: either through incorporation by reference ("IBR") or judicial notice ("JN").