UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNAN ORUBO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACTIVEHOURS, INC., <br><br> Defendant. | Case No.  24-cv-04702-PCP <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. Nos. 53, 71 |

Plaintiffs Brennan Orubo, Michael Sims, Demetrice Mathis, and Cidney Lett bring this putative class action against Activehours, Inc., doing business as EarnIn, for violations of the Georgia Payday Loan Act (GPLA) and the Truth in Lending Act (TILA). Plaintiffs allege that EarnIn unlawfully tries to circumvent laws governing payday lending by misleadingly characterizing its product as an "earned wage access service" and structuring fees and repayment arrangements to disguise the nature of its loans and the high interest rates that customers pay. The Court previously denied EarnIn's motion to dismiss plaintiffs' suit for failure to state a claim. *See Orubo v. Activehours, Inc.*, 780 F. Supp. 3d 927 (N.D. Cal. 2025). Undeterred, and without seeking leave to file a motion for reconsideration of the Court's prior order, *see* Civ. L.R. 7-9 (setting forth requirements for such a motion), EarnIn moves for judgment on the pleadings under Rule 12(c). For the following reasons, EarnIn's new motion attacking the pleadings, like its prior motion to dismiss, is denied.

"The substance of the motion, not its form, controls it disposition." *Andersen v. United States*, 298 F.3d 804, 807 (9th Cir. 2002). In moving for judgment on the pleadings based on purported facts that were available to EarnIn at the time of its prior motion (because they are drawn from EarnIn's own records) and new legal arguments, EarnIn effectively moves for reconsideration of the Court's prior decision. Under the Northern District of California's Civil

United States District Court
Northern District of California

Local Rules, a party moving for reconsideration must seek leave of the Court to notice a motion for reconsideration. Civ. L.R. 7-9(a). EarnIn did not receive leave from this Court to file a motion for reconsideration. That alone would be sufficient for the Court to deny EarnIn's motion.

Even if EarnIn had filed a motion for reconsideration, the motion would be denied. Under this Court's Local Rules, a party moving for reconsideration must also show "a material difference in fact or law exists from that which was presented to the Court" and that "the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civ. L.R. 7-9(b). A party moving for reconsideration may not "repeat any oral or written argument made … in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered," with violations "subject to appropriate sanctions." Civ. L.R. 7-9(c).

Each of EarnIn's arguments in its mislabeled motion for judgment on the pleadings violates at least one aspect of Civil Local Rule 7-9.

First, EarnIn repeats its argument, in violation of Local Rule 7-9(c), that fees and tips are voluntary and therefore not "finance charges" under TILA. *Cf. Orubo*, 780 F. Supp. 3d at 937; MJP at 10. EarnIn relies upon plaintiffs' purported transaction histories to support its rejected argument. "For example," EarnIn writes, "Orubo declined to tip in *62 of 79* Cash Outs, or nearly *80%* of the time," which in its view shows that "EarnIn's tips are not inextricably intertwined with advances," nor "imposed by" EarnIn. EarnIn says that the Court "ruled without the benefit of knowing that each Plaintiff chose to tip only occasionally."

There is no such "benefit" here. EarnIn's attempt to use transactions histories is inappropriate for two reasons. As a supposed motion for judgment on the *pleadings*, EarnIn generally may not rely on facts outside of the pleadings to support its motion unless those facts are subject to judicial notice or incorporated into the pleading. EarnIn's cited transaction histories present questions of fact, both with respect to what they denote and whether they accurately reflect plaintiffs' usage of EarnIn's app. Given these factual issues, the histories are not subject to judicial notice. Nor does the mere fact that plaintiffs allege that they used EarnIn's app mean that EarnIn's internal observations of that purported usage are incorporated into the complaint. The histories therefore cannot be considered under Rule 12(b)(6) or Rule 12(c).

Moreover, as a functional motion for reconsideration, EarnIn must show not only that new facts or law exist but "also … that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time …." Civ. L.R. 7-9(b)(1). EarnIn's motion does not explain why plaintiffs' transaction histories—which are drawn from EarnIn's own records—were unavailable despite "reasonable diligence" at the time of the briefing on its earlier motion to dismiss. Retention of new counsel does not excuse EarnIn's failure to raise these histories earlier.

Second, EarnIn again cites a December 6, 2024, unofficial opinion from the Georgia Attorney General in support of its argument that tips and fees are not "interest" under the GPLA. But EarnIn submitted the Georgia Attorney General's opinion one week before the Court issued its order denying EarnIn's motion to dismiss. *See* Dkt. No. 39. Local Rule 7-9 thus prohibits EarnIn's argument unless it can show a "manifest failure by the Court to consider … dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). EarnIn cannot. The Court did not "manifest[ly] fail[]" to consider the opinion because a district court does not have "an obligation to address explicitly every point raised by the parties." *Westside Prop. Owners v. Schlesinger*, 597 F.2d 1214, 1216 n.3 (9th Cir. 1979). This general rule applies with particular force given that this Court is not bound to accept the Georgia Attorney General's opinion as binding, particularly when set against a controlling decision from the Georgia Supreme Court that is unfavorable to EarnIn. *See Orubo*, 780 F. Supp. 3d at 933–35 (discussing *Pope v. Marshall*, 78 Ga. 635 (1887)). The Georgia Attorney General's unofficial opinion is not a "dispositive legal argument[]" that this Court "manifest[ly] fail[ed] … to consider." Civ. L.R. 7-9(b)(3).

Third, EarnIn cites a Georgia Senate bill that would purportedly establish that earned wage access products such as EarnIn's are not "lending activity or money transmission" and that specific types of fees are not "interest." A *proposed* bill is not a "dispositive legal argument[]," Civ. L.R. 7-9(b)(3), and in any event the cited bill does not clearly support EarnIn's argument. That the Georgia Senate is considering a bill to designate products and fees as *not* covered by GPLA arguably suggests that they currently *are* covered.

United States District Court
Northern District of California

United States District Court
Northern District of California

Finally, EarnIn submits an advisory opinion issued by the Consumer Financial Protection Bureau in December 2025.[1] Dkt. No. 71. Like the proposed Georgia Senate bill, the CFPB's opinion is not binding on this Court. But even on its own terms, the CFPB's opinion does not clearly apply to EarnIn's products because it applies to providers who do "not directly or indirectly assess the credit risk of individual workers, including through obtaining and reviewing credit reports or credit scores about the individual workers." Truth in Lending (Regulation Z); Non-application to Earned Wage Access Products, 90 Fed. Reg. 60069, 60071 (Dec. 23, 2025). Here, plaintiffs allege that EarnIn does assess the individual credit risk of its users, including by "verifying their employment" and "perform[ing] a proprietary credit check on the borrower's linked bank account to ensure that the account will have sufficient funds to repay EarnIn's automatic account debits on the borrower's payday."

Accordingly, EarnIn's motion for reconsideration, improperly styled as a motion for judgment on the pleadings, is denied.

**IT IS SO ORDERED.**

Dated: March 16, 2026

P. Casey Pitts
United States District Judge

---

[1] Plaintiffs oppose EarnIn's motion to submit the CFPB's recent opinion to the extent that the motion "includes three pages of legal argument" aside from Exhibit A, which consists of the *Federal Register* publication of the CFPB advisory opinion. *See* Dkt. No. 73; Exhibit A, Dkt. No. 71-3. Local Rule 7-3(d)(2) provides that counsel may inform the Court of a relevant judicial opinion "without argument." EarnIn's motion to submit the CFPB's recent opinion is therefore granted but only with respect to Exhibit A. Its improper argument is disregarded.

4